Territorial Law Library

FILED
COURT

2013 JUL 10 PM 2: 00

OF COURT

**IN THE SUPERIOR COURT OF GUAM**

GLENDA B. MITCHELL,

                    Plaintiff,

        v.

ELLEN J. WILKINSON and PETER R. WILKINSON, dba ELLEN'S REALTY,

                    Defendants.

)  )  )  )  )  )  )  )  )  )  )  )

CASE NO. CV1200-11

**DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 25, 2013 on Defendants' Motion for Summary Judgment. Attorney Bill R. Mann represented Defendants Ellen Wilkinson, Peter Wilkinson, and Ellen's Realty. Attorney Delia L. Wolff represented Plaintiff Glenda Mitchell. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Plaintiff and her late husband, Philip Mitchell, entered into a land purchase agreement with Defendants on May 19, 2006. The agreed-upon price for the lots[1] was $70,000, to be made in the following manner: $8,000 down payment, remaining $62,000 paid to Defendants over fifteen years at 10% interest amounting to 180 monthly payments of $666.26. No note, deed, or mortgage was executed. Instead, a provision in Addendum 1 of the agreement stated that "Seller will transfer title to

---

[1] The Lots are described as Lots 15 and 16, Block 1, and Lots 15 and 16, Block 2, Tract 29116 in Talofofo, Guam. (Mitchell Decl. ¶ 2).



ORIGINAL

Buyer in two years provided that Buyer had been making monthly payments on time every month. (Mitchell Decl. Ex. 1 ¶ 2). Plaintiff maintains she continued to make timely monthly payments until she ceased payment in November of 2008. Plaintiff did not make payment for the period between November, 2008 to March, 2009. When Plaintiff attempted to make payment on March 31, 2009, Defendants refused tender. (Wilkinson Decl. ¶ 4-5).

Plaintiff filed her Complaint on July 28, 2011. She has alleged the following causes of action: 1) Breach of Contract; 2) Breach to Convey Real Property; 3) Breach of Warranty; 4) Unjust Enrichment; 5) Rescission; 6) Specific Performance; and 7) Intentional/Negligent Infliction of Emotional Distress. On August 22, 2011, Defendants filed their Answer and Counterclaim for a Quiet Title action. Plaintiff filed her Reply to the Counterclaim on September 1, 2011.

On February 28, 2013, Defendants moved for Summary Judgment. It is their argument that Plaintiff's five month period of non-payment constitutes material breach, thereby excusing their performance under the contract. Plaintiff filed her Opposition on March 11, 2013. She contends that Defendants are the actual breaching party, having not fulfilled the provision in the Addendum which would grant her title to the property after two years of timely payments. Additionally, she presents documentation which shows that as early as December 18, 2006, Defendants were under orders from the Guam Land Use Commission to rescind all purchase agreements. (Wolff Decl. Ex. 2). For the reasons discussed below, this Court shall deny Defendants' Motion for Summary Judgment.

## DISCUSSION

In considering a motion for summary judgment, this Court "must draw inferences and view the evidence in a light most favorable to the non-moving party." Bank of Guam v. Flores, 2004 Guam 25 ¶ 7. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. at ¶ 8 (quoting Guam R. Civ. P. 56(c)).

A material fact is one that is relevant to an element of a claim or defense or which might affect the outcome of the suit. See Iizuka Corp. v. Kawasho Intern. (Guam), Inc., 1997 Guam 10. The party seeking summary judgment bears the responsibility of informing the court of the basis of the motion and demonstrating the absence of a material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Here, Defendants argue that Plaintiff is in material breach of the land sale agreement for the period of non-payment between November 2008 and March 2009. Conversely, Plaintiff argues it is Defendants who are in breach due to their failure to convey title to the property after the two-year period of timely payments pursuant to Addendum 1 to the land purchase agreement. It is her contention that Defendants should have done so in May of 2008; months before her alleged breach. Further, the order from the Guam Land Use Commission was issued just months after parties entered into the agreement, yet Defendants continued to accept payment from Plaintiff.

There is an issue of material fact at the most fundamental level: who the breaching party is. When inferences are drawn and evidence is viewed in a light most favorable to Plaintiff, it is Defendants who are in material breach. It is for these reasons that this Court shall deny the motion.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is hereby **DENIED**. A scheduling conference is set for August 12, 2013 at 2:00 p.m.

It is **SO ORDERED** this 9th day of July, 2013.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 10 2013

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

-3-